Appeal from Suffolk County Court.

Action by Robert S. Tiernan against George L. Havens. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

George H. Furman, of Patchogue, for appellant.

Warren C. Fielding, of New York City (Jeremiah T. Mahoney, of New York City, on the brief), for respondent.

PER CURIAM. Defendant made and delivered a promissory note in the sum of $500, payable to the order of F. E. Fanning. Fanning indorsed the note "without recourse," and it came into the possession of the plaintiff. Plaintiff has brought this action on the note, setting forth in his complaint that it came into his possession "in due course" and for value. Defendant answered, setting forth that the note was given for a consideration which was never performed, and that plaintiff was not a holder thereof in good faith and in due course. According to the record, the defendant gave this note to Fanning for a number of shares of mining stock at five cents a share. He never received the stock, so as between him and Fanning there was a complete failure of consideration. Defendant sought to prove that Fanning in the sale of the stock was but an agent of plaintiff, under an agreement by which plaintiff was to pay Fanning a commission on every share of stock he sold. Evidence to support this defense was excluded by the trial court, and a judgment was directed in favor of plaintiff.

On this appeal the respondent furnishes us with a large number of authorities to show that agency can never be established by declarations of the supposed agent. We do not question this elementary rule, but it has application only to declarations of the supposed agent out of court, and does not apply to the material testimony of the supposed agent in court, on the witness stand.

Judgment and order of the County Court of Suffolk county reversed, and a new trial ordered; costs to abide the event.

---

(85 Misc. Rep. 145)

### In re STEPHENSON.

(Supreme Court, Appellate Division, Third Department. May 21, 1914.)

INJUNCTION (§ 223*)—VIOLATION—WHAT CONSTITUTES.

Where defendant, for the protection of plaintiff, was enjoined from manufacturing or offering for sale belt dressing in bar form in either yellow or red wrappers, it was not a violation of the injunction for defendant to manufacture and offer for sale dressing in oval packages with light pink wrappers with blue printing.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 448–473; Dec. Dig. § 223.*]

Appeal from Special Term, Albany County.

Petition by the Stephenson Manufacturing Company to punish Samuel T. Stephenson for violation of an injunction. From an order denying the motion, petitioner appeals. Affirmed.

The opinion of Chester, J., at Special Term, is as follows:

The Stephenson Manufacturing Company has secured a judgment restraining the defendant Samuel T. Stephenson "from manufacturing, advertising, offering for sale, or selling a bar belt dressing either in the form of a cylindrical bar or in any form similar to packages of the following description, viz.: 'Cylindrical bars about 10¾ inches in length and 1¾ inches in diameter' "— and "from manufacturing, advertising, selling or offering for sale a bar belt dressing in wrappers, bearing the yellow or red colors or any shade of either." The judgment containing this injunction was obtained after the trial of the action before the court.

On the trial questions of the right of the defendant to use the word "Stephenson" and the words "Stephenson's Bar Belt Dressing," upon the packages containing the dressing, were closely litigated. On these issues the defendant was successful, and he was not restrained in the judgment from the use of his own name in conducting this business. The purpose of the action and of the injunction was to prevent unfair competition between the parties with respect to the commodity in question. The packages containing the commodity prepared by the petitioner, the plaintiff in the suit, were cylindrical in form, were inclosed in yellow wrappers having red printing thereon and were 10¾ inches in length and 1¾ inches in diameter. The plaintiff was seeking in the suit to prevent the defendant from marketing his commodity in that form, so as to deceive the unwary purchaser into the belief that he was procuring the commodity manufactured by the plaintiff.

It is claimed here that the defendant has willfully violated the injunction, and the petitioner asks that he be punished as for a contempt of court for such violation. The defendant denies that he has willfully or in any other way violated the injunction. It appears that since the injunction he has been manufacturing and selling his commodity done up in packages of an oval shape with two sides distinctly flattened and being from a half to three-quarters of an inch longer than the petitioner's packages. They were about 2 inches thick upon one diameter and 1½ inches thick upon a diameter at right angles with the first measurement. They were done up in wrappers having light pink covers with blue printing upon them.

The petitioner insists that an oval package is a cylindrical one and that the light pink paper is a shade of red, and therefore that the defendant has been guilty of a violation of the injunction. I am unable to agree with this claim in either respect. The packages are so dissimilar in appearance that they are not calculated to deceive an unwary purchaser. Counsel on both sides have exhausted the definitions found in the dictionaries and encyclopedias in an effort to show on the one side that under these definitions a package with oval or elliptical ends is one cylindrical in form and that light pink is a shade of red, and on the other to show the contrary. I need not take the time to review the numerous definitions brought to my attention. It is sufficient to say that none of them convinces me, within the meaning and purpose of the injunction, that an oval or an ellipse with flattened sides is a cylinder or circle or that pink is red or a shade of red.

I should not on this application enlarge by construction or implication the provisions of the injunction beyond its express terms, in order to hold the defendant guilty of a violation thereof. His conduct must be measured by the terms of the injunction as it is and having in view the purpose for which it was made. With this in view it is apparent that there has been shown no willful intent on the part of the defendant to violate the injunction. On the contrary, since the injunction the defendant has modified his packages to make them altogether dissimilar from those he formerly made and from those made by the petitioner. He has changed their size and shape, as well as the color of the wrapper and of the printing thereon, so that no one could be deceived into the belief that his packages were the ones made by the petitioner.

For these reasons the motion is denied, with $10 costs.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Countryman, Nellis, Du Bois & McDermott, of Albany (Merwin H. Nellis, of Albany, of counsel), for appellant.

Lester T. Hubbard, of Albany, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of CHESTER, J., at Special Term.

---

PEOPLE v. NEW YORK CENT. & H. R. R. CO.

(Albany County Court.  May 7, 1914.)

1. COMMERCE (§ 58*)—CONSTITUTIONAL LAW (§ 275*)—MASTER AND SERVANT (§ 13*)—DUE PROCESS OF LAW—INTERSTATE COMMERCE—REGULATION OF HOURS OF LABOR—RAILROAD EMPLOYES.

So much of Labor Law (Consol. Laws, c. 31) art. 2, § 8, amended by Laws 1913, c. 466, as regulates the hours of labor of signalmen, towermen, gatemen, and telegraph or telephone operators, in railroad signal towers or railroad stations, is a valid exercise of the police power, and does not deprive one of due process of law, in violation of Const. art. 1, §§ 5, 6, and the fourteenth amendment to the United States Constitution, and does not interfere with interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 77–86, 100; Dec. Dig. § 58;* Constitutional Law, Cent. Dig. §§ 830, 835, 839, 843–846; Dec. Dig. § 275;* Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

2. STATUTES (§ 64*)—INVALIDITY IN PART—EFFECT.

The validity of so much of Labor Law (Consol. Laws, c. 31) art. 2, § 8, amended by Laws 1913, c. 466, as regulates the hours of labor of designated railroad employes, is unaffected by the invalidity of the provision directing compensation for the days the employes are prohibited from working.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. § 64.*]

3. MASTER AND SERVANT (§ 13*)—REGULATION OF HOURS OF EMPLOYMENT—PENALTY—PUNISHMENT.

That a civil action is given for a violation of Labor Law (Consol. Laws, c. 31) art. 2, § 8, as amended by Laws 1913, c. 466, does not prevent the Legislature from making the violation a misdemeanor, as is done by Penal Law, § 1275, as amended in 1913; but either or both of the remedies may be pursued for a violation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

4. MASTER AND SERVANT (§ 13*)—REGULATION OF HOURS OF EMPLOYMENT—STATUTES—CONSTRUCTION.

Penal Law (Consol. Laws, c. 40) § 1275, as amended by Laws 1913, c. 349, to take effect April 22, 1913, punishing any person violating any provisions of the Labor Law, and Labor Law (Consol. Laws, c. 31) art. 2, § 8, as amended by Laws 1913, c. 466, in effect May 9, 1913, regulating the hours of employment of designated railroad employes, and authorizing an action for a penalty for a violation thereof, must be so construed as to make both acts effective, and a criminal prosecution for a violation is maintainable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

Appeal from Police Court of City of Albany.

The New York Central & Hudson River Railroad Company was convicted of a misdemeanor, and it appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes